UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Marco Tulio Ybanez,**<br><br>    **Plaintiff,**<br><br>    V.<br><br>**Atlanta Oriental Food Wholesale Co.,**<br><br>    **Defendant.** | **Civil Action File No.** _____ |

# COMPLAINT

Plaintiff Marco Tulio Ybanez ("Plaintiff Ybanez") files this Complaint and alleges that Defendant Atlanta Oriental Food Wholesale Co. violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by failing to pay Plaintiff overtime wages for hours worked in excess of forty hours per week.

## NATURE OF THE ACTION

1.   Plaintiff Ybanez alleges, pursuant to Section 216(b) of the FLSA, that he: (i) is entitled to unpaid wages from Defendant from overtime work for which he did not receive overtime premium pay as required by law; (ii) is entitled to liquidated damages pursuant to the FLSA and (iii) is entitled to attorneys' fees and costs of this action pursuant to the FLSA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Both parties reside in this district and a substantial portion of the events giving rise to the claims herein occurred in this judicial district and division.

4. Divisional venue is proper in the Atlanta Division under Local Rule 3.1(B)(1)(a) because this is a civil action not of a local nature and the sole defendant resides in the Atlanta Division.

## THE PARTIES

5. Plaintiff Ybanez is a resident of DeKalb County, Georgia.

6. Defendant Atlanta Oriental Food Wholesale Co., ("AOF") is a Georgia corporation with its principal place of business located in DeKalb County, Georgia.

7. Defendant AOF maintains its corporate headquarters at 5600 Buford Highway NE, Doraville, DeKalb County, Georgia 30340 and does business as the "Buford Highway Farmers Market."

8. At all relevant times AOF continuously has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, AOF has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all relevant times, AOF employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

11. At all relevant times, AOF had annual gross volume of sales made or business done of over $500,000.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

12. Plaintiff re-alleges the foregoing paragraphs of the Complaint as if set forth herein verbatim.

13. Defendant operates a grocery store at 5600 Buford Highway NE, Doraville, DeKalb County, Georgia 30340.

14. The Defendant' grocery store is a farmers market with a global and ethnic focus.

15. Defendant operates the grocery store under the name Bufford Highway Farmers Market.

16. From in or about 1995 through July 2015, Defendant employed Plaintiff Ybanez as a warehouse worker.

17. Ybanez was a non-exempt employee under the FLSA whose primary job responsibilities included unloading food and other products to be sold at the grocery store and moving them to be stored or sold.

18. Ybanez would unload trucks and maneuver food and other products using a forklift. The trucks, the forklift, and much of the food and products that he unloaded had been moved in and produced for interstate commerce.

19. Plaintiff worked in excess of 40 hours per week in the large majority of weeks that Plaintiff worked for AOF.

20. Plaintiff was paid a regular rate of pay but was not paid properly for overtime for those hours worked in excess of 40 hours per week. For those hours in excess of 40 hours per week, AOF did not pay plaintiff one and one-half times his regular rate of pay as required by federal law.

21. AOF paid Plaintiff a salary of $600 per week regardless of the hours worked, but AOF did not pay plaintiff one and one-half times his regular rate of pay for hours worked in excess of 40 per week, as required by federal law.

## COUNT I

## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

22. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

23. At all relevant times, AOF was an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24. At all relevant times, AOF employed Plaintiff within the meaning of the FLSA.

25. At all relevant times, AOF maintained a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours that Plaintiff worked in excess of forty hours per work week.

26. As a result of AOF's willful failure to compensate Plaintiff the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, AOF violated the FLSA.

27. AOF's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Due to AOF's FLSA violations, Plaintiff is entitled to recover from AOF compensation for unpaid overtime wages; an additional equal amount as

liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against AOF:

A. An award of unpaid compensation for overtime to Plaintiff;

B. An award of liquidated damages to Plaintiff;

C. An award of prejudgment and post-judgment interest to Plaintiff;

D. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

E. Such other and further relief as this Court deems just and proper.

This, 18th day of August, 2015.

**Hall & Lampros, LLP**

By: /s/ Andrew Lampros
Andrew Lampros
Ga. Bar. No. 432328
Patrick J. Hannon
Ga. Bar No. 074321
1230 Peachtree St. NE
Suite 950
Atlanta, GA 30309
404/876-8100
Fax: 404/876-3477
phannon@hallandlampros.com
alampros@hallandlampros.com
*Counsel for Plaintiff*