THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCO TULIO YBANEZ )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>ATLANTA ORIENTAL FOOD )<br>WHOLESALE CO., )<br>)<br>Defendants. )<br>) | CIVIL ACTION FILE<br>NO. 1:15-CV-02920 |

## SECOND JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT

Plaintiff, Marco Tulio Ybanez and Defendant Atlanta Oriental Food Wholesale Co., (Plaintiff and Defendant are collectively referred to as the "Parties"), jointly request that the Court approve the Parties' settlement of the above captioned matter. Because Plaintiffs' action and claims are premised, in part, under the Fair Labor Standards Act ("FLSA"), the Parties' settlement must be approved by this Court and such approval must be entered as a stipulated final judgment.

Plaintiff has reached a tentative settlement with Defendant, following negotiations between the respective parties' counsel. An executed copy of the Settlement Agreement and General Release (the "Agreement") is attached herein as Exhibit A.

1

A.  SETTLEMENT OF FLSA CLAIMS IN THE ELEVENTH CIRCUIT

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.* In addressing the circumstances justifying court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to

2

approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

### B. THE PARTIES' SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE BONA FIDE DISPUTES BETWEEN THE PARTIES

Following good faith, arms-length negotiations the Parties have reached a settlement of all claims as memorialized in the Agreement. The proposed settlement arises out of a lawsuit brought by Plaintiff against Defendant wherein Plaintiff alleged violations of the FLSA as it relates to the payment of wages for overtime.

During the litigation and settlement of this action, Plaintiff was represented by experienced counsel. The Parties agree that the instant action involves heavily disputed issues regarding, *inter alia*, the alleged hours worked.

The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed Plaintiff's claims, their allegations, their purported hours worked and formulated proposed settlement figures. The Parties then conducted settlement discussions, based upon their independent valuations of the case. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement. All parties were counseled and represented by their respective attorneys throughout the litigation and

3

settlement process. Plaintiff and Defendant have signed the Agreement setting forth the terms of the settlement.

For the foregoing reasons, the Parties jointly and respectfully request that the Court approve the Settlement Agreement and General Release, and, upon approval of the settlement, that the Court dismiss the action with prejudice. A proposed Order has been attached for the Court's convenience as Exhibit B.

Respectfully submitted this 30th day of November, 2015.

*Stipulated to By:*

/s/ Patrick J. Hannon
Andrew Lampros
Patrick. J. Hannon .
HALL & LAMPROS, LLP
1230 Peachtree Street, N.E.
Suite 950
Atlanta, Georgia 30309

**Attorneys for Plaintiff**

*Stipulated to By:*

/s/ Catherine M. Banich
Donald R. Andersen, Bar No. 016125
Catherine M. Banich, Bar No. 260514
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 400
Atlanta, Georgia 30339
cbanich@taylorenglish.com
dandersen@taylorenglish.com

**Attorneys for Defendant**

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCO TULIO YBANEZ,<br><br>    Plaintiff,<br><br>ATLANTA ORIENTAL FOOD<br>WHOLESALE CO.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION FILE<br>)  NO. 1:15-CV-02920<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **SECOND JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 30th day of November, 2015.

                        By:    /s/ Catherine M. Banich
                               Catherine M. Banich
                               Georgia Bar No. 260514
                               Donald R. Andersen
                               Georgia Bar No. 016125