# EXHIBIT A

## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

This Settlement Agreement and Release of All Claims ("Settlement Agreement") covers all understandings between Plaintiff Marco Tulio Ybanez (hereinafter, "Ybanez" or "Plaintiff") and Defendant Atlanta Oriental Food Wholesale Company ("Defendant" or "AOFWC"), a term which includes any parent or subsidiary corporation, and its past and present employees, officers, directors, representatives, shareholders, or other interest holders of AOFWC. Plaintiff and Defendant are referred to collectively as the "Parties" and individually as a "Party."

### RECITALS

1. Plaintiff originally filed this suit in the United States District Court for the Northern District of Georgia titled *Ybanez v. Atlanta Oriental Food Company*, 1:15-cv-02920-TWT (hereinafter, "the Action").

2. In the Action, Plaintiff alleged violations of applicable overtime laws under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). AOFWC denies all material allegations of the Action.

3. The Parties have engaged in extensive negotiations concerning the settlement of the claims asserted in the Action. Plaintiff has reached a tentative settlement with Defendant, subject to the approval of the District Court in the Action. The settlement memorialized in this Settlement Agreement reflects that settlement. At all times, the Parties' settlement discussions were non-collusive, adversarial and at arms' length.

4. Plaintiff has concluded, based upon his investigation, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the Action through the final trial, the risks and costs of further prosecution of the Action, the uncertainties of litigation, and the substantial benefits to be received pursuant to this Settlement Agreement, that a

{00659393.DOCX / }

settlement with AOFWC on the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the Plaintiff. Plaintiff has agreed to settle this Action with AOFWC on the terms set forth herein.

## AGREEMENT

## RECITALS

1.

The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Settlement Agreement.

## SETTLEMENT CONSIDERATION

2.

In consideration of the promises, covenants, and releases hereinafter set forth, the Parties agree as follows:

A. Contingent upon judicial approval of this Settlement Agreement and dismissal of this Action with prejudice subject to the enforcement of this Settlement Agreement, Plaintiff shall receive a total gross amount of $25,990.00, which includes but is not limited to unpaid overtime to which Plaintiff claims he is entitled and an equal amount in liquidated damages. In addition, ~~counsel for the parties are negotiating the amount of attorney's fees and costs,~~ Defendant shall pay to the firm of Hall & Lampros, LLP the amount agreed upon by the parties in consideration for the release of Plaintiff's claims for fees, costs and expenses of litigation, including attorneys' fees incurred in connection with this Action, and all other fees, costs and expenses, including attorneys' fees, to which Plaintiff is entitled under the FLSA. If the parties are unable to reach an agreement on attorney's fees and costs, Plaintiff's counsel shall submit a fee application to the court, and the court shall then determine the amount of attorney's fees and costs.

{00659393.DOCX / }2


B. The settlement amount paid to Plaintiff shall be apportioned as follows:

(1) a payment to Plaintiff for the sum of $12,495.00 in liquidated damages to be paid on or before November 30, 2015, which payment shall be reported on IRS forms issued to Plaintiff, on which Plaintiff shall be solely responsible for paying any applicable taxes;

(2) a payment to Plaintiff for the sum of $12,495.00 in wages to be paid on or before November 30, 2015, less applicable withholdings and deductions, including but not limited to, federal and state taxes, which payments shall be reported on W-2 forms issued to Plaintiff;

(3) a payment to Plaintiff of $500.00 to be paid on or before November 30, 2015 in consideration for the release of Plaintiff's claims under state and federal law related to his employment and the termination of his employment with AOFWC, which payment shall be reported on IRS forms issued to Plaintiff, on which Plaintiff shall be solely responsible for paying applicable taxes;

(4) a payment to Plaintiff of $500.00 to be paid on or before November 30, 2015 in consideration for the release of Plaintiff's claims under the Age Discrimination in Employment Act, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, which payment shall be reported on IRS forms issued to Plaintiff, on which Plaintiff shall be solely responsible for paying applicable taxes;

(5) Plaintiff hereby acknowledges that he shall receive only the payments set forth in this Section 2 of this Settlement Agreement and that he is not entitled to any other payments or compensation from Defendant.(6)

{00659393.DOCX /}3

In the event that the Court does not approve this Settlement Agreement until after November 30, 2015, Defendant must make all payments set forth in Section 2 within three days after court approval.

C. All payments referenced in this Section 2 are contingent upon judicial approval of this Settlement Agreement. In the event this contingency does not occur, this Settlement Agreement shall be null and void and Defendant shall not be obligated to make any payment to Plaintiff as set forth herein. Plaintiff and Defendant agree that they will take all steps necessary to attempt to obtain the Court's approval of this Settlement Agreement. Should the parties be unable to obtain judicial approval after taking all necessary steps to obtain such approval, including resubmission to address any deficiencies noted by the Court in initial disapproval, then upon final judicial disapproval, the parties shall be placed in the position and legal status they were in prior to settlement.

D. The payments set forth in Section 2 shall be delivered by Defendant to Plaintiff's counsel on or before the dates set forth in Section 2 but only after the Court's approval of this Settlement Agreement. None of the payments will be due unless or until the Court approves the settlement.

## ORDER DISMISSING CLAIMS WITH PREJUDICE

3.

Once the Court has approved the terms of this Settlement Agreement and after receipt of all payments hereunder, Plaintiff will promptly file a Stipulation of Dismissal with Prejudice and will take such other steps, if any, necessary to obtain the entry of a judgment dismissing the Action with prejudice subject to the enforcement of this Settlement Agreement.

## RELEASE OF CLAIMS AND COVENANT NOT TO SUE

4.

A. Plaintiff on his own behalf and on behalf of any executor, administrator, representative, attorney, agent, heir or assign, or anyone acting by or for Plaintiff or on Plaintiff's behalf (collectively, with Plaintiff, referred to as the "Plaintiff's Group") hereby waive all claims against the Released Parties, and release the Released Parties of and from any and all claims, demands, actions, liabilities or damages (including attorneys' fees), whether known or now unknown (including but not limited to claims asserted in the Action and claims arising out of or relating in any way whatsoever to Plaintiff's relationship with Defendant and separation from such relationship), existing or occurring on or prior to the date that Plaintiff signs this Settlement Agreement (the "General Waiver and Release").

B. For purposes of this Settlement Agreement, "Released Parties" means and includes AOFWC, all of its affiliated, subsidiary, and parent companies, doing business in their own names and doing business under any other names, and all of its respective officers, directors, partners, past and present board members, past and present committee members, insurers, employees, associates, trustees, agents, independent contractors, representatives, attorneys, shareholders, members, interest holders, predecessors, successors, and assigns.

C. This General Waiver and Release of Released Parties includes, but is not limited to, claims arising under any and all federal, state and local constitutions, statutes, ordinances and regulations (such as, but not limited to, claims under the FLSA; the Civil Rights Act of 1866 (Section 1981), 42 U.S.C. § 1981; the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 stat. 1071 (1991); the Age Discrimination in Employment Act ("ADEA"), as amended; the Older Workers Benefits Protection Act ("OWBPA"); the Immigration Reform and Control Act, as amended; Executive Order 11246; the Equal Pay Act of 1963, 29 U.S.C. § 206; the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, et seq.; COBRA; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; the Worker Adjustment & Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, et seq.; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.; the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.; the Sarbanes-Oxley Act of 2002 ("SOX"), Pub. L. No. 107-204, 116 Stat. 745-810; all as amended; and the Georgia Labor Code); and any and all statutory and common law rights whether arising at law or in equity, including, but not limited to, torts, estoppel, waiver, personal injury, contract, fraud, misrepresentation, defamation, slander, breach of duty or negligence of or by any or all of the Released Parties.

D. Notwithstanding anything set forth above to the contrary, nothing in this release, shall release or in any way affect the right of federal or state governments to recover from AOFWC for any unpaid employer's share of payroll taxes for Plaintiff's employment with AOFWC.

E. Notwithstanding anything set forth above to the contrary, the General Waiver and Release includes claims existing through the Effective Date of this Settlement Agreement even if

Plaintiff do not know or suspect that such claims exist prior to such date, but Plaintiff do not waive or release any claims or rights that may arise after the Effective Date of this Settlement Agreement.

F. Plaintiff further acknowledges, understands, and agrees that the General Waiver and Release set forth in this Section 4 releases the Released Parties from liability for any alleged discrimination, retaliation, hostile work environment, or other act or omission that could be the subject matter of any administrative charge or complaint Plaintiff has filed or may subsequently file against Defendant or any other of the Released Parties with the National Labor Relations Board ("NLRB") or with the Equal Employment Opportunity Commission ("EEOC") or any comparable federal, state, or local agency. Plaintiff further acknowledges, understands, and agrees that this General Waiver and Release operates as a waiver and release of Plaintiff's right to recover in any such administrative proceeding as well as Plaintiff's right to recover in any action brought on Plaintiff's behalf by any other party, including, but not limited to, any federal, state, or local agency. Further, Employee represents that he has neither filed nor assigned to others the right to file any complaints, charges, or lawsuits against the Released Parties with any government agency or any court. Employee further warrants and represents that he has not made or caused to be made any assignment, purported assignment, transfer, or purported transfer of any right, claim, demand, or cause of action covered by this Agreement, and that he is the sole and absolute legal and equitable owner of all such rights, claims, demands, and causes of action.

G. The General Waiver and Release may be pleaded as a full and complete defense to, and may be used as the basis for injunction against, any action, suit, claim or other proceeding of any type which may be prosecuted, initiated or attempted in violation of the terms of this General Waiver and Release. This provision is not severable or independently enforceable from this Settlement Agreement.

## NO ADMISSION OF LIABILITY

5.

AOFWC Group denies each of the claims asserted against them in the Action and makes no admission whatsoever of liability. Defendant nevertheless desires to settle the Action and the claims asserted in the Action, on the terms and conditions set forth herein, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the Action. Accordingly, the Parties agree, covenant and represent that this Settlement Agreement shall not be treated, at any time and for any purpose, as an admission of liability or wrongdoing of any kind whatsoever by Plaintiff or the AOFWC Group. Except as necessary to carry out the terms of this settlement, this Settlement Agreement shall be, without written consent from AOFWC, inadmissible in any proceedings pursuant to Federal Rule of Evidence 408 and corresponding or similar state law rules of evidence. The settlement of the Action, the negotiation and execution of this Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of the settlement of the Action: (1) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of the AOFWC Group or of the truth of any of the factual allegations in the Action; (2) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of AOFWC Group in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and (3) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for certification of a collective or representative action.

## MISCELLANEOUS PROVISIONS

6.

A. All the Parties have been represented by counsel throughout all negotiations which preceded the execution of this Settlement Agreement and this Settlement Agreement is made with the consent and advice of counsel.

B. This Settlement Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Parties and as approved by the Court.

C. The Parties and their respective attorneys shall proceed diligently to prepare and execute all documents required to seek the necessary Court approvals and do all things necessary to consummate the settlement provided in this Settlement Agreement.

D. This Settlement Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representation or term shall modify, vary or contradict the terms of this Settlement Agreement.

E. This Settlement Agreement is a contract between the Parties and not merely a recital. Should any of the Parties breach any term of this Settlement Agreement, the Party in breach will be liable to the other party for reasonable attorneys' fees and costs incurred in attempting to enforce the terms of this Settlement Agreement.

F. This Settlement Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Georgia, both in its procedural and substantive aspects, and shall be entitled to the continuing jurisdiction of the United States District Court for the Northern District of Georgia. This Settlement Agreement is deemed to have been drafted jointly by the Parties.

{00659393.DOCX / }9

G. Plaintiff and AOFWC Group warrant that they are expressly authorized to enter into this Settlement Agreement.

H. This Settlement Agreement shall be assignable to, and shall inure to the benefit of the Parties' heirs, successors and assigns, including but not limited to successors through merger, name change, or consolidation.

I. This Settlement Agreement may be executed in counterparts, each of which shall be an original, and each of such counterparts shall together constitute but one and the same agreement.

## COMPLIANCE WITH OLDER WORKERS BENEFIT PROTECTION ACT AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT

7.

Plaintiff, being 40 years of age or older, is advised of and acknowledges the following:

A. **Twenty-One Day Consideration Period.** Plaintiff shall have up to twenty-one (21) days to consider and accept the terms of this Agreement by fully executing and notarizing it below, and returning it to AOFWC's counsel. During this twenty-one (21) day period and before signing this Agreement, Plaintiff is encouraged to consult with his attorney regarding the terms and provisions of this Agreement. The terms and provisions of this Agreement are null and void if not accepted by Plaintiff within the twenty-one (21) day period. Plaintiff may sign the Agreement prior to the conclusion of the twenty-one (21) day period.

B. **Release of Claims Under the Age Discrimination in Employment Act and the Older Workers Benefits Protection Act.** By signing this Agreement, Plaintiff waives any claims he has or might have against AOFWC under the Age Discrimination In Employment Act

("ADEA") and the Older Workers Benefits Protection Act ("OWBPA") that accrued prior to the date of Plaintiff's execution of the Agreement.

(C) **Revocation Period.** Plaintiff shall have seven (7) calendar days from the date he signs this Agreement to revoke the Agreement by notifying AOFWC's counsel in writing prior to the expiration of the seven (7) calendar day period. Any revocation within this period must state "I hereby revoke my acceptance of our Agreement and General Release." The written revocation must be personally delivered to AOFWC's counsel and must be postmarked within seven (7) calendar days of Plaintiff's execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

PLAINTIFF IS HEREBY ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST AOFWC.

{00659393.DOCX / }11

Date: 11-24-2015

Marco Tulio Ybanez

Date: 11-24-2015

Andrew Lampros
Georgia Bar No. 432328
Patrick Hannon
Georgia Bar No. 074321
*Attorney for Plaintiff Marco Tulio Ybanez*

Date: 11/25/15

Atlanta Oriental Food Wholesale Company

By: 

Title: 

Date: 11/30/15

Catherine M. Banich
Georgia Bar No. 260514
*Attorney for Defendant*
*Atlanta Oriental Food Wholesale Co.*

{00659393.DOCX / }12